UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:15-CR-00130-DCLC-CRW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL PAUL HUTCHINS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 85]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 86].

**I.    BACKGROUND**

On March 17, 2016, Defendant pleaded guilty to one count of conspiracy to distribute and to possess with the intent to distribute a-PVP [*See* Docs. 29, 33]. Based on a total offense level of 29 and a criminal history category of VI, Defendant's guideline range was 151 to 188 months [Doc. 48, ¶ 91]. At sentencing, the Court departed from the guideline range and sentenced Defendant to a term of imprisonment of 140 months [Doc. 68, pg. 2]. Defendant is currently housed at FCI Petersburg with a projected release date of April 8, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 10, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 85].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Scott County, Virginia Circuit Court [Doc. 48, ¶ 57]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 22 criminal history points rather than 23. But Defendant would still be in criminal history category VI and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

2

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 85] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
